## IN THE COURT OF APPEALS OF IOWA

No. 18-0494
Filed August 15, 2018

**IN THE INTEREST OF H.P., M.P., and M.P.,**
**Minor Children,**

**K.P., Mother,**
　　　Appellant.

_____

　　　Appeal from the Iowa District Court for Buena Vista County, Mary L. McCollum Timko, Associate Juvenile Judge.

　　　A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

　　　Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, PC, Storm Lake, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

　　　Theresa Rachel of Fankhauser Rachel, PLC, Sioux City, guardian ad litem for minor children.

　　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her children. She contends the State failed to prove the grounds for termination by clear and convincing evidence and termination is not in the children's best interests. She asks for additional time to have the children returned to her care. We review these claims de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The children came to the attention of the Iowa Department of Human Services (DHS) after a July 2017 search led police to discover over one pound of methamphetamine in the father's home, in which the children were present. The mother, who lives in Alaska, had not seen the children since early 2016. She has lengthy drug-abuse and criminal histories. Initially, her whereabouts were unknown. She contacted the DHS after the juvenile court adjudicated the children to be in need of assistance. At the time, the mother was on parole, but she was incarcerated shortly thereafter for violating the terms of her release. She remained incarcerated at the time of the termination hearing.

In order to terminate parental rights, the juvenile court must first find clear and convincing evidence supporting a ground for termination listed under Iowa Code section 232.116(1) (2017). *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Although the juvenile court found the State proved three grounds for terminating the mother's parental rights, we need only find grounds to terminate parental rights under one of the sections cited by the juvenile court to affirm. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The juvenile court's order terminates the mother's parental rights pursuant to paragraphs (a), (i), and (*l*) of Iowa Code section 232.116(1). The mother argues

there is no evidence to support termination of her parental rights under paragraph (a) ("The parents voluntarily and intelligently consent to the termination of parental rights and the parent-child relationship and for good cause desire the termination.") and notes paragraph (a) was never pled in the termination petition.

The State concedes termination is not appropriate under paragraph (a) but argues the juvenile court's citation to this paragraph was clerical error. We agree. The petition seeks to terminate the mother's parental rights under paragraph (b), not paragraph (a), and the court's analysis in the termination order shows it intended to terminate under paragraph (b). Specifically, the order states:

> The court does find by clear and convincing evidence that [the mother] has abandoned her children . . . . [The mother] was unaware of the children's whereabouts for two years. She had not had contact with the children or [the father] for at least two years. [The mother] provided no financial aid to her children. She has provided no emotional care for her children. She made one to two calls to the [DHS] after learning of the children's removal. Her call came approximately five months after the children's removal. It is very likely that the children would not know her, especially [the youngest two], if she walked into a room where they were playing. Clearly, she has not worked to put herself in a place of importance or significance in these children's lives. The history would suggest that the children have never been in a place of importance and significance in [her] life either.

Accordingly, we consider whether the State proved the grounds for terminating the mother's parental rights under paragraph (b). *See In re Z.C.*, No. 17-0666, 2017 WL 1735913, at *2 (Iowa Ct. App. May 3, 2017) (finding the court's reference to paragraph (h) was "clearly a typographical error, which is harmless given our de novo review," and analyzing instead whether the grounds for termination had been proved under paragraph (f)).

Chapter 232 defines "abandonment of a child" as "the relinquishment or surrender . . . of the parental rights, duties, or privileges inherent in the parent-child relationship." Iowa Code § 232.2(1). To determine whether a parent has abandoned a child, we consider both the parent's conduct and state of mind. *See In re A.B.*, 554 N.W.2d 291, 293 (Iowa Ct. App. 1996). A parent must do more than subjectively maintain interest in the child; affirmative parenting must be demonstrated to the extent it is practical and feasible under the circumstances. *See id.*

Clear and convincing evidence shows the mother has abandoned her children. She has not had contact with the children since early 2016 and made minimal effort to maintain contact. The evidence shows that even before that time, the mother demonstrated a limited interest in her children, often leaving the older two children in the care of others. She was arrested shortly after the birth of the youngest child, and she has been incarcerated on and off throughout her children's lives. The grounds for termination under section 232.116(1)(b) have been met.

We next consider whether termination is in the children's best interests. In making the best-interests determination, our primary considerations are "the child's safety," "the best placement for furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially).

The evidence shows termination is in the children's best interests. These children are young and have not had contact with the mother in more than two years. They have suffered as a result of parental neglect and the mother's use of drugs during her pregnancies. The mother was incarcerated at the time of the termination hearing. Her expected discharge date was March 2018. She would have five months mandatory parole following discharge. She planned to stay in Alaska with her boyfriend after her release.

Although the mother admitted her children should not have to wait another six months, she requests an additional six months to allow her to work toward reunification with the children. However, children are not equipped with pause buttons, and delaying permanency is contrary to their best interests. *See A.M.*, 843 N.W.2d at 112 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987). Once the grounds for termination have been proved, time is of the essence. *See A.C.*, 415 N.W.2d at 614 ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). The mother's claim that she will do whatever necessary to have her children returned to her care is contradicted by the record. The past is prologue to the future. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (noting a parent's past

conduct is instructive in determining the parent's future behavior); *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997) (noting a parent's past performance may be indicative of future behavior). Delaying termination will provide no benefit to the children. Accordingly, we affirm the termination of the mother's parental rights.

**AFFIRMED.**